### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>    Michael J. Carney,<br><br><br>                      Debtor. | Case No.: 22-04994<br><br>Chapter 13<br><br><br>Hon. A. Benjamin Goldgar<br>Lake County |

### NOTICE OF MOTION

TO: See attached list

    PLEASE TAKE NOTICE that on August 5, 2022, at 10:30 a.m. I will appear before the Honorable A. Benjamin Goldgar or any judge sitting in that judge's place, and present the Debtor's attorney's application for compensation under the court-approved retention agreement, a copy of which is attached**.**

    **This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

    **To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

    **To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

    **Meeting ID and password.** The meeting ID for this hearing is 160 817 7512 and the password is 623389. The meeting ID and password can also be found on the judge's page on the court's web site.

    **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                                            Arthur Corbin, Attorney for Debtor
                                            By:   */s/ Arthur Corbin*
                                            Arthur Corbin, ARDC #6305658
                                            Corbin Law Firm, LLC
                                            636 S. River Rd., Ste. 201
                                            Des Plaines, IL 60016
                                            (773) 570-0054 | arthur@corbin-law.com

    Page **1** of **2**

## CERTIFICATE OF SERVICE

I, Arthur Corbin, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on July 15, 2022, before 6:00 p.m.

                                                                                      ___/s/ Arthur Corbin___
                                                                                             Attorney for Debtor

## SERVICE LIST

**Parties Served via the Court's Electronic Notice for Registrants:**

- Glenn B. Stearns, Chapter 13 Trustee, 801 Warrenville Rd., Ste. 650, Lisle, IL 60532

**Parties Served via Certified U.S. Mail: N/A**

**Parties Served via First Class U.S. Mail:**

| | | |
|---|---|---|
| Discover Bank Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | Freedom Mortgage Corporation<br>Bankruptcy Dept.<br>10500 Kincaid Drive, Ste. 300<br>Fishers, IN 46037 | JPMorgan Chase Bank NA<br>c/o Robertson, Anschutz & Schneid, P. L.<br>6409 Congress Ave, Ste. 100<br>Boca Raton, FL 33487 |
| Michael J. Carney<br>1109 Adams Ave.<br>Wauconda, IL 60084 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090 |
| U.S. Dept. of Housing and Urban Dev.<br>77 West Jackson Blvd.<br>Chicago, IL 60604 | Wells Fargo Bank NA<br>435 Ford Road, Suite 300<br>St. Louis Park, MN 55426-1063 | Wells Fargo Bank NA<br>Wells Fargo Card Services<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re: ) Case Number: 22-04994
)
Michael J. Carney, ) Chapter: 13
)
) Honorable A. Benjamin Goldgar
)
) Lake County
Debtor(s) )

**ATTORNEY'S APPLICATION FOR CHAPTER 13 COMPENSATION UNDER
THE COURT-APPROVED RETENTION AGREEMENT**
(Use for cases filed on or after April 20, 2015)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) and the **Court-Approved Retention Agreement** executed by the debtor(s) and the attorney, for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**

The attorney and the debtor(s) have entered into the Court-Approved Retention Agreement.

**Attorney Certification:**

The attorney hereby certifies that:
1. All disclosures required by Local Rule 2016-1 have been made.

2. The attorney and the debtor(s) have either:

    (i) not entered into any other agreements that provide for the attorney to receive:

    a. any kind of compensation, reimbursement, or other payment, or

    b. any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved Retention Agreement; or

    (ii) have specifically discussed and understand that:

    a. the Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation;

    b. the terms of the Court-Approved Retention Agreement take the place of any conflicting provision in an earlier agreement;

    c. the Court-Approved Retention Agreement cannot be modified in any way by other agreements; and

    d. any provision of another agreement between the debtor and the attorney that conflicts with the Court-Approved Retention Agreement is void.

**Compensation sought for services in this case pursuant to the Court-Approved Retention Agreement:**

$ 4,500.00  flat fee for services through case closing

**Reimbursement sought for expenses in this case:**

$ 313.00  for filing fee paid by the attorney with the attorney's funds

$ 0  for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization must be attached)

$ 313.00  Total reimbursement requested for expenses.

**Funds previously paid to the attorney by or on behalf of the debtor(s) in the year before filing this case and not reflected in or related to the Court-Approved Retention Agreement:**

☒ None

A total of  $            .

Date of Application: 7/15/2022

Attorney Signature: /s/ Arthur Corbin

Form 13-8

# COURT-APPROVED RETENTION AGREEMENT
### (for cases filed on or after March 15, 2021)

   This agreement describes the rights and duties of debtors and their lawyers in Chapter 13 bankruptcy cases in the Northern District of Illinois.  The debtor and lawyer must enter into this agreement for the lawyer to receive a flat fee of $ __4500.00__ as compensation in the case.  By signing this agreement, the debtor and lawyer agree to do everything this agreement requires.

   **DO NOT sign this agreement unless you have read it and understand it.**

   This agreement replaces any conflicting agreement between the debtor and the lawyer.  If any provision of another agreement conflicts with this agreement, the lawyer will not be awarded a flat fee as compensation in the case.

   The lawyer must perform all tasks reasonably necessary for the bankruptcy case.  Performance of those tasks is a condition of receiving the flat fee.  The lawyer may not charge any other fees for representing the debtor in the case.  The sole exception, explained below, is representation of the debtor in certain lawsuits in the bankruptcy case known as adversary proceedings.

**1.  Duties of the Debtor and the Lawyer**

  **A.  Counseling Before Filing a Bankruptcy Case**

   Before a bankruptcy case is filed, the debtor must provide financial and other information to the lawyer.  The lawyer must evaluate the information and advise the debtor whether filing a bankruptcy case is appropriate, and if so, under which chapter of the Bankruptcy Code.  The lawyer must explain the advantages and disadvantages of filing a bankruptcy case.

   If filing a chapter 13 bankruptcy case is appropriate, the lawyer must explain how and when attorneys' fees will be paid.

  **B.  Documents for the Case**

   The lawyer or a member of the lawyer's staff must prepare all the documents required to be filed in the bankruptcy case.  The debtor must provide all information the lawyer or a member of the lawyer's staff requests to prepare the documents.  Failure to provide requested information will make it difficult or impossible for the lawyer to file the case or to represent the debtor once the case is filed.  The lawyer must review each document with the debtor, who must approve and sign the documents.

  **C.  Representation of the Debtor throughout the Case**

   The lawyer must represent the debtor at the § 341 meeting of creditors and in all court


ID DmvAkVYhMNEQ5FLEL2oA2Hj5

hearings. The lawyer must prepare and file all motions necessary for the case and must represent the debtor on all other motions that affect the debtor's interests.

The lawyer must examine all claims creditors file in the case and must object to claims if appropriate.

The lawyer must be available to answer the debtor's questions about the case and must answer them in a timely manner.

The debtor must notify the lawyer of any significant change in the debtor's circumstances, such as the loss of a job or the proposed purchase or sale of a home or car. The debtor must also notify the lawyer of any change in the debtor's address, phone number, or email address.

If the debtor and the lawyer decide that the case should be converted to a case under chapter 7, the lawyer must file the notice of conversion.

The lawyer must file and represent the debtor in adversary proceedings for turnover of property of the bankruptcy estate.

**2.    Attorneys' Fees and Expenses**

    **A.    Flat Fee for Attorneys' Fees**

The lawyer may charge a flat fee for all services required in this agreement. The flat fee may not exceed the amount permitted by the court when the case is filed.

The flat fee does not cover:

- representing the debtor in adversary proceedings other than for turnover of estate property

- representing the debtor in the chapter 7 case, if the case is converted to chapter 7

- representing the debtor in appeals

The debtor and the lawyer can negotiate an additional fee for representation in adversary proceedings not included in the flat fee and for representation in a chapter 7 case if the case is converted.

    **B.    Expenses**

The lawyer may also charge the debtor for certain actual, necessary expenses incurred in representing the debtor as permitted in this paragraph. These expenses are in addition to the flat attorney's fees. The court must approve all expenses.

The lawyer may charge the debtor for the following expenses:



Document      Page 7 of 9

- Court filing fees

- Fees charged by a credit reporting agency for a credit report

- Copying and postage charges as follows:

    1. A flat fee not to exceed $25 for all copying and postage charges in the case. The copying and postage charges need not be itemized.

    **or**

    2. The actual amount of postage and copying costs (no more than $0.10 per page) incurred in the case. The itemization must state (a) the number of copies and the dates when the copies were made, and (2) the dates and amounts of postage charges incurred.

- Fees charged by the IRS or other taxing authorities to obtain tax returns

- Other actual, necessary expenses, but only if the lawyer submits to the court an itemization of the expenses with supporting copies of invoices or other documents

The lawyer may not charge the debtor for an outside service that serves documents filed in the bankruptcy case.

C. **Advance Payment to the Lawyer**

The lawyer and the debtor must agree on whether the debtor will pay any or all of the attorneys' fee owed for the case before it is filed.

If the debtor makes a payment before the case is filed, the payment will be treated as an advance payment retainer.

The lawyer must explain to the debtor how an advance payment retainer is treated. The lawyer will not hold the retainer in a client trust account and it will become property of the lawyer upon payment. The special purpose of the advance payment retainer is that it permits the lawyer to be paid for essential work that must be performed before the court can consider the lawyer's fee application. The lawyer is not required to keep detailed time records because this is a flat fee agreement. The lawyer need not refund any portion of the advance payment if work is not performed, unless the court orders the lawyer to do so.

D. **Payment of the Balance during the Case**

Attorneys' fees not paid before the case is filed will be paid to the lawyer by the trustee out of the debtor's plan payments. The debtor may not pay the lawyer directly after the case is filed.

MC
ID DmvAkVYhMNEQ5FLEL2oA2Hj5

The debtor's Chapter 13 plan may not provide for current monthly payments to secured creditors that are other than in equal amounts. The lawyer may not file a Chapter 13 plan for the debtor in which payments to a secured creditor are set at an amount that accelerates payments to the lawyer.

### E. Additional Fees in Extraordinary Circumstances

In extraordinary circumstances, the lawyer may apply to the court for additional compensation. The application must be accompanied by an itemization of the services rendered.

## 3. Coverage Counsel

### A. Disclosure of the Practice

If the debtor's lawyer has a practice of using other lawyers not employed at the same firm to perform any of the lawyer's obligations under this agreement, he must disclose that practice to the debtor before the debtor signs the agreement.

### B. Identifying Coverage Counsel

If the debtor's lawyer asks another lawyer not employed at the same firm to represent the debtor at the meeting of creditors or at any court appearance, the debtor's lawyer must notify the debtor in advance and must provide the name of the lawyer who will represent the debtor.

### C. Providing Information to Coverage Counsel

If the debtor has information to give the other lawyer for the meeting of creditors or for a court appearance, the debtor must give that information to the debtor's lawyer. The debtor's lawyer must then promptly forward the information to the lawyer representing the debtor at the meeting or in court.

## 4. Dismissal or Conversion of the Case

If the bankruptcy case is dismissed or converted to another chapter before all plan payments have been made, the attorneys' fees paid to the lawyer are not refundable, unless the court orders the fees refunded.

If the bankruptcy case is dismissed after the court has granted the lawyer's application for compensation, the lawyer will not enforce the order granting the application against the debtor for any unpaid fees or expenses.

## 5. Termination of this Agreement

The debtor may terminate this agreement at any time. By terminating the agreement, the debtor ends the lawyer's representation. If the lawyer has not been paid in full when the


ID DmvAkVYhMNEQ5FLEL2oA2Hj5

agreement is terminated, the court may reduce the balance of attorneys' fees owed based on the services the lawyer provided before termination.

If the debtor terminates this agreement and hires another lawyer, the court may apportion the flat fee between the lawyers.

The lawyer may terminate this agreement only with court approval.

6. **Amount of Attorneys' Fees and Expenses**

   A. **Attorneys' Fees:**

   The debtor agrees to pay the lawyer a flat fee of $ 4,500 for the lawyer's services in the chapter 13 case.

   B. **Expenses:**

   The estimated expenses for the case are: $ 313

   These expenses are for:

   | Filing Fee | $ 313.00 |
   |---|---|
   | | $ |
   | | $ |
   | | $ |

   C. **Total Fees and Estimated Expenses**: $ 4813.00

   Advance payment by debtor: $ 1000.00

   Balance owed by debtor: $ 3813.00

   _____
   Debtor
   DocuSign ID: MNEQ5FLEL2oA2Hj5

   _____
   Debtor

   Date: 4/4/2022

   _____
   Lawyer
   ID ZzbkPM9Bo1AvCAnDsZZpDTKd

   Date: 4/4/2022

-5-